UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Larry Cochran,　　　　　　　　　　　　　　　　Case No. 4:19-cv-01906

　　　　Petitioner

v.　　　　　　　　　　　　　　　　　　　　　MEMORANDUM OPINION
　　　　　　　　　　　　　　　　　　　　　　AND ORDER

Mark Williams, Warden,

　　　　Respondent

## BACKGROUND AND HISTORY

*Pro se* Petitioner Larry Cochran, an inmate in the Federal Correctional Institution in Elkton, Ohio, filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He was convicted in the United States District Court for the Northern District of Indiana on charges of possession with intent to distribute five or more grams of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack" in violation of 18 U.S.C. § 841(a)(1).

In his Petition, he contends his indictment is fatally defective. He asserts that he was charged with possessing with intent to distribute a "mixture or substance" containing cocaine base, but the indictment failed to identify the mixture or substance that contained the cocaine. Petitioner asserted this argument in his *pro se* Motion to Dismiss the Indictment filed prior to his trial and in his Motion to Vacate his Conviction and Sentence under 28 U.S.C. § 2255. Both Motions were denied by the trial court. The Seventh Circuit Court of Appeals denied his request for a Certificate of Appealability. Petitioner has now asserted that same claim in this Court in § 2241 Petition.

## STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

## DISCUSSION

Petitioner is not entitled to relief under 28 U.S.C. §2241. As a general matter, 28 U.S.C. §§2255 and 2241 provide the statutory scheme for federal prisoners to obtain habeas relief. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Section 2255 is the avenue for relief for federal prisoners to challenge their conviction or sentence, while §2241 "is appropriate for claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Therefore, federal prisoners "that seek to challenge their convictions or imposition of their sentence" must assert such claim in the sentencing court under § 2255. *See Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Bradshaw v.*

*Story*, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner cannot raise claims in a § 2241 Petition when his attempts to obtain relief under §2255 for those claims are unsuccessful.

Section 2255 does contain a "safety valve" provision which permits a federal prisoner to challenge his conviction or the imposition of his sentence under 28 U.S.C. § 2241; however, relief under that provision is extremely rare. Federal prisoners may challenge their convictions or sentences in a § 2241 Petition only if there is a change in the law after his conviction that establishes his actual innocence and it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). Actual innocence in this context means that the intervening change in the law renders the conduct of which Petitioner was convicted no longer a crime. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *Peterman*, 249 F.3d at 462; *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Furthermore, the remedy under § 2255 is not inadequate or ineffective merely because § 2255 relief has already been denied, because the Petitioner is procedurally barred from pursuing relief under § 2255, or because the Petitioner has been denied permission to file a second or successive § 2255 Motion to Vacate. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). In other words, Petitioner must point to a new decision holding that the substantive criminal statute under which he was convicted no longer reaches the conduct in which he engaged, and he must demonstrate that he cannot obtain relief based on this new decision from the sentencing court. *Bousely*, 523 U.S. at 620 (citing *Davis v. United States*, 417 U.S. 333, 346 (1974)). *See, e.g., Bailey v. United States*, 516 U.S. 137 (prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when Supreme Court redefined "use" in a restrictive manner).

Petitioner's challenge to his indictment attacks his conviction. As such, his sole remedy is a Motion to Vacate under § 2255 unless he can show that the safety valve provision applies.

Petitioner already raised this claim in his § 2255 Motion to Vacate. Both times the issue was decided on the merits by the Indiana District Court. His remedy under § 2255 is not ineffective merely because he did not prevail on his Motion. He cannot assert this claim under 28 U.S.C. § 2241.

## Conclusion

Accordingly, Petitioner's Application to Proceed I*n Forma Pauperis* is granted, his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, I certify, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge